NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHELBY HARDY, | : |
| Plaintiff, | : Civil Action No. 18-12813 (SRC) |
| v. | : OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Shelby Hardy ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning January 27, 2014. A hearing was held before ALJ George Michael Gaffaney (the "ALJ") on September 22, 2017, and the ALJ issued an unfavorable decision on October 30, 2017, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of October 30, 2017, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations. At step four, the ALJ also found that Plaintiff did not retain the residual functional capacity to perform his past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on a number of grounds, but this Court need only reach the one that succeeds: at step four, the ALJ erred by failing to address the medical evidence of nonexertional limitations.

Plaintiff points to the report from treating physician Dr. Kempf, dated October 27, 2015, which stated that pain and medication side effects produce a "significant handicap with sustained attention and concentration" that "would eliminate skilled work tasks." (Tr. 426.) Plaintiff also points to his testimony at the hearing that his pain makes it difficult to concentrate for longer than 15 or 20 minutes at a stretch. (Tr. 40.)

Plaintiff contends that the ALJ's failure to discuss this evidence violates SSR 96-8p, which states, in relevant part:

> The adjudicator must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC. Careful consideration must be given to any available information about symptoms because subjective descriptions may indicate more severe limitations or restrictions than can be shown by objective medical evidence alone.
>
> In assessing RFC, the adjudicator must consider limitations and restrictions

> imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do. . . .
>
> The RFC assessment must address both the remaining exertional and nonexertional capacities of the individual.

Plaintiff also points to the requirements stated in 20 C.F.R. § 404.1545(c), which mandates an assessment of mental abilities as part of the residual functional capacity determination at step four. The Third Circuit reiterated these principles in its recent precedential Social Security decision, Hess v. Comm'r Soc. Sec., 2019 U.S. App. LEXIS 22557, at *23 (3d Cir. July 30, 2019).

The Commissioner's opposition brief overlooks the issue of the evidence of nonexertional limitations. The Court finds that Plaintiff's argument regarding SSR 96-8p is unopposed.

This Court finds that this error necessitates vacating the Commissioner's decision and remanding the case for further proceedings. Because this error alone justifies that outcome, the Court need not struggle with the more difficult questions of whether, otherwise, the Commissioner's decision is amenable to meaningful review and is supported by substantial evidence. Plaintiff has pointed out other errors and problems in the ALJ's decision that, on remand, need attention.

Plaintiff argues persuasively that the ALJ erred in how he discounted the treating physician evidence. This is most obviously correct in the ALJ's rejection of the report of

treating physician Dr. Kempf, dated July 1, 2014, which states clearly that Plaintiff cannot perform work with certain exertional demands. (Tr. 315.) At step four, the ALJ considered this report and stated:

> On July 1, 2014, an unknown provider (signature illegible) opined that the claimant was unable to perform regular and continuing work. (Ex. 2F.) However, it is unclear who provided this opinion and whether they are a medical professional.

(Tr. 20.) The ALJ stated that he gave no weight to the report. The Court makes the following observations. The document clearly states that it is a report from physician Dr. Kempf, who has a specialty in rheumatology, and it gives diagnostic information about the claimant. (Tr. 315.) While the signature at the bottom of the report may indeed be illegible, that is simply not a valid basis to reject this evidence, since it is clear that it was a report written by treating physician Dr. Kempf. The Commissioner does not contend that this document is a forgery.

The ALJ's rejection conflicts with Third Circuit law, which states:

> A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider the medical findings that support a treating physician's opinion that the claimant is disabled. In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted). Two points in Morales are particularly worth noting. First, consider this statement: "Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may

4

choose whom to credit but cannot reject evidence for no reason or for the wrong reason." Id. It goes without saying that, furthermore, the ALJ may not reject evidence for an arbitrary, meaningless reason, such as was stated here. Rejection of a treating physician statement because of the legibility of the signature is truly an arbitrary and meaningless rationale, and it is error under Morales.

Second, the stated reasons for rejecting Dr. Kempf's other reports are only slightly more reasonable, at best. The ALJ considered, and rejected, additional reports from Dr. Kempf dated January 28, 2015, October 27, 2015, and September 13, 2017. (Tr. 20.) The ALJ rejected the report dated January 28, 2015 with these statements:

> However, findings of disability are issues reserved exclusively to the Commissioner. Moreover, Dr. Kempf's opinion is not consistent with the record evidence as a whole. Accordingly, no weight is given to Dr. Kempf's medical source statement.

(Tr. 20.) The record shows that the report at issue is a one-page form which gives a number of pieces of information about Plaintiff's medical diagnoses, treatment, symptoms, and ability to work. (Tr. 344.) The ALJ's explanation of the basis for his rejection of this evidence does not meaningfully differ from no explanation at all and is essentially unreviewable. An ALJ need not "use particular language or adhere to a particular format in conducting his analysis," as long as "there is sufficient development of the record and explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). As to Dr. Kempf's report dated January 28, 2015, the ALJ's decision does not contain sufficient explanation of his findings to permit meaningful review. A determination that is not amenable to meaningful review must be vacated, pursuant to Burnett v. Commissioner of SSA, 220 F.3d 112, 119 (3d Cir. 2000). Because the ALJ did not give sufficient explanation for his decision to reject Dr.

Kempf's report dated January 28, 2015, this Court cannot review it.

Among other issues, this Court cannot evaluate the possibility that the ALJ may have substituted his own lay opinion for the opinion of a treating medical expert. In Plummer v. Apfel, the Third Circuit held:

> [A]n ALJ is not free to employ her own expertise against that of a physician who presents competent medical evidence. When a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects.
>
> Treating physicians' reports should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided.

Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citations omitted). Here, the ALJ explained that Dr. Kempf's assessment was not consistent with the record evidence as a whole.[1] In the absence of an explanation of the purported conflicts in the evidence, this statement cannot be meaningfully reviewed.

The ALJ next discussed Dr. Kempf's reports dated October 27, 2015 and September 13, 2017. The ALJ rejected both reports on the ground that they contradict each other and that, again, the record evidence as a whole does not support them. Again, this unexplained statement about the evidence as a whole does not contain sufficient information to make it amenable to meaningful review. Moreover, the explanation that both reports must be rejected because they

---

[1] This in itself could provide an alternative basis to vacate the decision. Plummer states that an ALJ may reject a treating physician's opinion outright – which the ALJ did repeatedly – only on the basis of contradictory medical evidence. The ALJ did not point to specific medical evidence which contradicted Dr. Kempf's findings.

are mutually contradictory is unpersuasive. The two reports were written roughly two years apart. It appears that Plaintiff's functioning was worse in 2015 and better in 2017. This Court does not discern anything truly contradictory about the reports. The reports do say different things, and the simplest inference is that Plaintiff improved somewhat over two years. The ALJ's decision to reject both opinions as mutually contradictory is not justified by the evidence and appears to be, in essence, a rejection for the wrong reason.

The Court finds that the ALJ's rejection of every one of Dr. Kempf's reports conflicts with Third Circuit law, and the cursory nature of the explanations provided renders those aspects of the decision not amenable to meaningful review. It may, nonetheless, still be the case that these errors are harmless ones, but the Court need not reach that question, since it has been determined that the ALJ's failure to address the medical evidence of nonexertional limitations constitutes reversible error.

Plaintiff has argued persuasively that the ALJ erred in making the residual functional capacity determination, failing to address the medical evidence of nonexertional limitations. The residual functional capacity determination is not supported by substantial evidence. For this reason, this Court finds that the Commissioner's decision is not supported by substantial evidence, and the Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                                          s/ Stanley R. Chesler
                                                         STANLEY R. CHESLER, U.S.D.J.

Dated: August 14, 2019